UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| IN THE MATTER OF THE COMPLAINT § <br> OF SEA GALAXY MARINE, S.A., AS § <br> OWNER OF THE M/V SUMMER WIND § <br> PETITIONING FOR EXONERATION § <br> FROM OR LIMITATION OF LIABILITY § | C.A. NO. _____ <br> Admiralty – Rule 9(h) |

## VERIFIED COMPLAINT AND PETITION FOR
## EXONERATION FROM OR LIMITATION OF LIABILITY

COMES NOW, Petitioner Sea Galaxy Marine, S.A. ("Sea Galaxy"), as owner of the M/V SUMMER WIND, her engines, gear, tackle, appurtenances, etc., through its counsel of record, Chaffe McCall, L.L.P., and petitions for exoneration from or limitation of liability, civil and maritime, under Rule 9(h) of the Federal Rules of Civil Procedure, Rule F of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure, and 46 U.S.C. App. § 30501 *et seq.*, and would respectfully show as follows:

1.

This is a case of admiralty and maritime jurisdiction under 28 U.S.C. § 1333 and is filed pursuant to Rule 9(h) of the Federal Rules of Civil Procedure, all as hereinafter more fully appears. Venue is proper in this district and division as the vessel is presently under arrest by Kirby Inland Marine, L.P. (C.A. No. 4:14-cv-00878; United States District Court for the Southern District of Texas, Houston Division) and attachment by 3G Fishing Charters LLC, *et al.* (C.A. No. 3:14-cv-00107; United States District Court for the Southern District of Texas, Galveston Division) at Derichebourg Recycling USA, New Terminal, 1 Wharf St., Houston, Texas 77012; 713-923-2280, all within this district and division.

2.

Petitioner Sea Galaxy is and was at all material times, a corporation or other business entity organized and existing under the laws of Liberia with an address of 80 Broad Street, Monrovia, Liberia.

3.

At all materials times, Petitioner Sea Galaxy was and is the registered owner of the M/V SUMMER WIND, a Liberian-flagged bulk carrier (IMO No. 9114139), and/or is considered "owner" of the vessel under the Limitation of Liability Act, 46 U.S.C. § 30501, *et seq.*, as a party sought to be held liable "as owner" of the M/V SUMMER WIND, for the claims set forth in Paragraph 14, *infra*, and, accordingly, is entitled to the protection afforded by the Limitation of Liability Act. *See In re Magnolia Marine Transport Co.*, 2003 A.M.C. 2425 (E.D. Okla. 2003); *In re Shell Oil Company*, 780 F. Supp. 1086 (E.D. La. 1991).

4.

At all material times, Petitioner Sea Galaxy contracted with Cleopatra Shipping Agency Ltd. for the technical management of the M/V SUMMER WIND.

5.

Prior to the occurrence of the casualty herein described, the M/V SUMMER WIND was and is a 1995 built bulk carrier of 25,503 gross tons. She has the approximate dimensions of 585 feet in length, 100 feet in breadth and 52.5 feet in depth.

6.

Prior to and at all times hereinafter described, Petitioner Sea Galaxy exercised due diligence to make and maintain the M/V SUMMER WIND in all respects seaworthy, and at all times material hereto she was, in fact, tight, staunch, strong, properly and sufficiently manned, crewed, supplied, equipped and furnished, and well and sufficiently fitted with suitable engines,

machinery, gear, tackle, apparel, appliances, and furniture, all in good order and condition and suitable for the service in which the vessel was engaged.

7.

On March 22, 2014, the M/V SUMMER WIND commenced a voyage from the anchorage at Bolivar Roads with the intention of docking at Cargill Houston Grain Elevator, Port of Houston, 16150 Peninsula Blvd., Houston, Texas, to load a cargo of grain.  The M/V SUMMER WIND departed the Bolivar Roads anchorage under compulsory pilotage at approximately 12:10 p.m. on March 22, 2014.  As the M/V SUMMER WIND was traveling inbound in The Houston Ship Channel in the vicinity of buoys 25 and 26, the area commonly referred to as the Texas City Y, she collided with Kirby Barge 27705 and Kirby Barge 27706 being pushed by the T/B MISS SUSAN at approximately 12:35 p.m.  Upon collision, the M/V SUMMER WIND, Kirby Barge 27705 and/or Kirby Barge 27706 sustained physical damage.  As a result of the collision, bunker fuel cargo aboard Kirby Barge 27706, the lead barge, was released into Galveston Bay.  After the collision, the tug ZEUS made fast to the M/V SUMMER WIND at 12:59 p.m. and the vessel, with tug assistance, returned to the Bolivar Roads anchorage.  At 1333 hours, the starboard anchor was let go and the pilot was off the vessel at 1357 hours, thereby terminating the voyage.

8.

The aforementioned alleged casualty and all injury, loss, destruction and damage arising out of or related to the above described casualty were not caused or contributed to in any way by the fault, negligence or lack of due care on the part of Petitioner Sea Galaxy or of any person for whose acts Sea Galaxy is legally responsible or by any fault, neglect or unseaworthiness of the M/V SUMMER WIND, or any person in charge of her, or any person from whom Petitioner was or is responsible.  Petitioner Sea Galaxy reserves the right to amend and/or supplement this

paragraph of their Complaint and Petition to specify further the faults and negligence, if any, surrounding the above-described events when the facts surrounding the casualty event become fully known, and to prove them at the trial of this cause.

9.

The above-described incident, any physical damage, personal injury, death, contingent losses, expenses, costs, pollution, environmental damage, loss, destruction and damages were not caused or contributed to, done, occasioned and/or incurred by any fault, negligence, unseaworthiness, or lack of due care on the part of Petitioner Sea Galaxy, or anyone for whom Petitioner is or at any material time was responsible.

10.

The above-described incident, any physical damage, personal injury, death, contingent losses, expenses, costs, pollution, environmental damage, loss, destruction and damages were not caused or contributed to, done, occasioned by Petitioner Sea Galaxy or the master of the M/V SUMMER WIND.  Additionally, the above-described incident, any physical damage, personal injury, death, contingent losses, expenses, costs, pollution, environmental damage, loss, destruction and damages were not incurred with the privity or knowledge of Petitioner Sea Galaxy or the master of the M/V SUMMER WIND.

11.

Except as stated in Paragraph 14, *infra*, there are no demands, unsatisfied liens or claims of lien, in contract or in tort, arising from the M/V SUMMER WIND's aforementioned voyage, so far as is known to Petitioner Sea Galaxy.

12.

Petitioner Sea Galaxy claims exoneration from all liability for all losses, damages, injuries, and destruction incurred by reason of the matters aforesaid.  In the alternative, and in the

event Sea Galaxy and/or the M/V SUMMER WIND should be held responsible by reason of the matters hereinabove set forth, Sea Galaxy claims the benefits of the Limitation of Liability Act provisions set forth in 46 U.S.C. App. § 30501 *et seq.* and all laws supplementary thereto and amendatory thereof, because all of the losses, damages, injuries, and/or destruction resulting from the aforesaid casualty occurred without the privity or knowledge of Sea Galaxy.

13.

As evidenced by the attached Affidavit of Value, the value of the M/V SUMMER WIND immediately following the incident was $9,300,000.00.  There was no pending freight for the voyage in question as the voyage was terminated prior to the vessel loading the intended cargo.  Therefore, the value of the M/V SUMMER WIND and her freight pending for the voyage in question did not exceed the sum of $9,300,000.00.  Sea Galaxy further avers that the amount of the estimated claims alleged against it and the M/V SUMMER WIND have or will exceed the value of Sea Galaxy's interest in the M/V SUMMER WIND.

14.

Notwithstanding the fact that the alleged injury, loss, destruction and damages described herein, if any, and which are in all respects denied, were done, occasioned and incurred without the fault, design or neglect of Petitioner, or anyone for whom Petitioner is or at any material time was responsible, and without unseaworthiness or fault of the M/V SUMMER WIND, nevertheless claims and demands have been made against Petitioner.  As of the filing of this action, Sea Galaxy is aware of four (4) actions currently pending in the United States District Court for the Southern District of Texas that have named Petitioner and/or the M/V SUMMER WIND as a party and/or involve the collision between the M/V SUMMER WIND and Kirby Barge 27705 and/or Kirby Barge 27706 and the oil spill at issue in this Complaint and Petition.  Those actions are (1) C.A. No. 4:14-cv-00878; *Kirby Inland Marine, LP v. M/V SUMMER*

*WIND, her engines, tackle, appurtenances, etc.*; In the United States District Court for the Southern District of Texas, Houston Division; (2) C.A. No. 3:14-cv-00107; *3G Fishing Charters LLC, et al. v. Kirby Inland Marine L.P., et al.*; In the United States District Court for the Southern District of Texas, Galveston Division; (3) C.A. No. 3:14-cv-00113; *Patton, et al. v. Cleopatra Shipping Agency, et al.*; In the United States District Court for the Southern District of Texas, Galveston Division; and (4) C.A. No. 3:14-cv-00118; *Gilmore, et al. v. Kirby Inland Marine L.P., et al*; In the United States District Court for the Southern District of Texas, Galveston Division.

15.

The amount of the claims that are reasonably anticipated to arise from the events in question are expected to greatly exceed the amount and value of Petitioner's interest in the M/V SUMMER WIND immediately after the events in question and at the time of the termination of the voyage, and her then pending freight.

16.

Petitioner desires to contest any liability of itself and the M/V SUMMER WIND for any injuries and other losses allegedly sustained by those affected by the events in question, and for any and all losses and damages, if any, which occurred during the voyage in question, including, without limitation, any claims asserted under the Oil Pollution Act, 33 U.S.C. § 2701, *et seq.* for the bunker fuel oil spilled into Galveston Bay. Petitioner further claims exoneration from and/or limitation of liability for any loss, injuries, and damages sustained by those affected, and for the claims that have been made and/or those claims which hereafter may be made by any other person, firm, corporation or other entity, including, without limitation, any claims asserted under the Oil Pollution Act, 33 U.S.C. § 2701, *et seq.* for bunker fuel oil spilled in Galveston Bay. Petitioner alleges that they have valid defenses on the facts and on the law to the claims of any

present and/or future claimant. Petitioner, without admitting but affirmatively denying all liability, further claims the benefit of Limitation of Liability as provided in 46 U.S.C.A. §§ 30501 to 30512, inclusive, Rule F of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure, and any and all Acts of Congress of the United States amendatory thereof or supplementary thereto, and the rules of practice of this Honorable Court and of the Supreme Court of the United States.

17.

While not in any way admitting that Petitioner bears any liability for the alleged injury, loss and damages allegedly occurring as described above, Petitioner hereby claims and reserves the right to contest in this or any other Court any liability therefor, either of Petitioner or of the M/V SUMMER WIND, and Petitioner claims and is entitled to have its liability, if any, limited to the amount or value of its interest as aforesaid in the M/V SUMMER WIND following the events in question, in addition to her freight then pending.

18.

Petitioner is ready and willing to give a Stipulation for Value with sufficient surety for the payment into the Court's registry of the amount or value of Petitioner's interest in the M/V SUMMER WIND and her then pending freight following the events in question, whenever the same shall be ordered as provided in the applicable statutes and Rule F of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure and by the rules and practices of this Honorable Court and subject to such Orders as the Court may direct.

19.

Sea Galaxy files simultaneously herewith an *ad interim* stipulation/letter of undertaking in the appropriate form for the amount of Sea Galaxy's interest in the M/V SUMMER WIND

and pending freight, if any, together with interest at the rate of 6% per annum from the date of said stipulation and for costs; and in addition thereof, Sea Galaxy is prepared to give bond for the amount of the *ad interim* stipulation/letter of undertaking or bond or stipulation for any amount in excess of the *ad interim* stipulation in respect to the value of the M/V SUMMER WIND as may be ascertained and determined to be necessary under the orders of this Court and as provided by the laws of the United States and of this Court.

20.

Petitioner would show that this Complaint and Petition have been filed within six months from the date Petitioner received first written notice of claim from any claimant for losses or damages which any person, firm, corporation or other entity sustained while the M/V SUMMER WIND was on the voyage in question.

21.

All and singular, the premises of this petition are true on information and belief and within the Admiralty and Maritime jurisdiction of this Court.

WHEREFORE, Petitioner Sea Galaxy prays:

(1) That the Court enter an Order approving the *ad interim* stipulation/letter of undertaking for the value of the M/V SUMMER WIND, and pending charter hire and/or freight for security in the total amount of $9,300,000.00, plus interest at the rate of 6% per annum from the date of this Complaint.

(2) That the Court issue notice to all persons asserting claims by reason of any loss, injury, expense or damage, occasioned or incurred by reason of the aforementioned collision casualty, admonishing them to file their claims with the Clerk of Court and to serve on the attorneys for Sea Galaxy a copy thereof on or before a date to be named in the notice.

(3) That the Court issue its injunction prohibiting the commencement and/or staying the prosecution of any and all actions or suits or legal proceedings of any kind whatsoever against Sea Galaxy and the M/V SUMMER WIND and/or their underwriters arising out of the aforementioned casualty other than in the present action.

   (4) That this Court adjudge that Sea Galaxy and the M/V SUMMER WIND are not liable for any loss, injury, expense or damage or claim whatsoever in consequence of the aforementioned casualty or, alternatively, that, if such liability ever existed, then that it be limited to the value of Sea Galaxy's interest in the M/V SUMMER WIND, together with pending freight, if any, pending at the time of the casualty.

   (5) That this Court grant such other and further relief, as justice and equity require.

             Respectfully submitted,

             /s/ *Dimitri P. Georgantas*
             Dimitri P. Georgantas
             Attorney-in-Charge
             Federal I.D. No. 2805
             Texas State Bar No. 07805100
             Kevin P. Walters
             Federal I.D. No. 5649
             Texas State Bar No. 20818000
             Eugene W. Barr
             Federal I.D. No. 1144784
             Texas State Bar No. 24059525
             801 Travis Street, Suite 1910
             Houston, Texas 77002
             Telephone:  713.546.9800
             Facsimile:   713.546.9806
             Email:  georgantas@chaffe.com
                 walters@chaffe.com
                 barr@chaffe.com

             ATTORNEYS FOR PETITIONER,
             SEA GALAXY MARINE, S.A.

OF COUNSEL:
CHAFFE McCALL, L.L.P.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| IN THE MATTER OF THE COMPLAINT § <br> OF SEA GALAXY MARINE, S.A., AS § <br> OWNER OF THE M/V SUMMER WIND § <br> PETITIONING FOR EXONERATION § <br> FROM OR LIMITATION OF LIABILITY § | C.A. NO. _____ <br> Admiralty – Rule 9(h) |

## **VERIFICATION**

BEFORE ME, the undersigned authority, personally appeared Dimitri P. Georgantas, who, being by me duly sworn, upon his oath deposed and stated:

My name is Dimitri P. Georgantas. I am a member of the law firm Chaffe McCall, L.L.P., attorneys for Petitioner Sea Galaxy Marine, S.A. I have read the foregoing Complaint and Petition and know the contents thereof, and the same are true and correct to the best of my knowledge, except as to the matters therein stated to be alleged upon belief and knowledge, and as to those matters I believe them to be true.

The reason that this Verification is not being made by Petitioner is that it is a corporation or other legal business entity whose officers are not presently available for this purpose.

Further, Affiant sayeth not.

_____
Dimitri P. Georgantas

SWORN TO AND SUBSCRIBED before me by Dimitri P. Georgantas, this 4th day of April, 2014, to which witness my hand and seal of office.

SYLVIA L. COOPER
MY COMMISSION EXPIRES
January 4, 2016

_____
Notary Public, in and for the
State of Texas

2233517-1                                1